(754 P.2d 1207)

No. 60,451

DONALD PATTERSON, *Appellant*, v. STATE OF KANSAS, *Appellee.*

Opinion filed May 27, 1988.

*Mark A. Orr*, of Hutchinson, and *Kim D. Steele*, of Wichita, for appellant.

*Mona Furst* and *Geary N. Gorup*, assistant district attorneys, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ABBOTT, C.J., REES and RULON, JJ.

REES, J.: Donald Patterson appeals from the denial of his K.S.A. 60-1507 motion prosecuted on the assertion that the trial court was without jurisdiction to convict him of aggravated sexual battery, a class D felony (K.S.A. 1987 Supp. 21-3518[1][a], [2]), upon his trial on an information charging rape, a class B felony (K.S.A. 1987 Supp. 21-3502[1][a], [2]). We affirm.

The jury was instructed on the elements of rape and on the elements of aggravated sexual battery as a "lesser included crime." The latter instruction was given at defense counsel's request and over the State's objection. The jury was not instructed on the elements of attempted rape, a class C felony (K.S.A. 1987 Supp. 21-3502[1][a]; K.S.A. 1987 Supp. 21-3301[a], [c][2]).

Briefly put, the jury was instructed (1) that for it to find Patterson guilty of rape it was necessary that it find he had sexual intercourse with the victim (by finger insertion— see K.S.A. 1987 Supp. 21-3501[1]), without her consent and when she was overcome by force or fear, and (2) that for it to find Patterson guilty of aggravated sexual battery as a "lesser included crime," it was necessary that it find that he intentionally applied force to the person of the victim, who was not his spouse and who had not

consented thereto, with the intent to arouse or satisfy the sexual desires of Patterson or the victim. Patterson was found not guilty of rape but guilty of aggravated sexual battery.

On direct appeal, we affirmed Patterson's conviction and sentencing. *State v. Patterson,* No. 57,940, unpublished opinion filed December 5, 1985. Whether the trial court was without jurisdiction to convict him of aggravated sexual battery was an issue neither raised nor addressed on the direct appeal.

The evidence and other matters reported by the record on appeal need not be reiterated or commented upon beyond these observations: We are satisfied that underlying the jury's decision finding Patterson not guilty of rape but guilty of the "lesser included crime" of aggravated sexual battery was conflicting evidence on the question whether there was penetration. On the evidence adduced, there was room for the jury to find that there was penetration, that there was not penetration, or that penetration was not proved.

Patterson now argues that it was error to instruct and convict on aggravated sexual battery as a "lesser included crime."

We are confronted with an issue of definition. K.S.A. 1987 Supp. 21-3107(2) enumerates four categories of included crimes. Clearly, aggravated sexual battery is not an included crime for the purposes of K.S.A. 1987 Supp. 21-3107(2)(d). The identity of statutory elements test is not met. Similarly, neither K.S.A. 1987 Supp. 21-3107(2)(b) nor K.S.A. 1987 Supp. 21-3107(2)(c) is of present moment. Thus, we arrive at a consideration of K.S.A. 1987 Supp. 21-3107(2)(a), which provides:

"Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(a) A lesser degree of the same crime."

The question for our resolution is whether at Patterson's trial it was error to convict him for aggravated sexual battery as a "lesser degree of the same crime."

In speaking to the question whether a certain crime is an included crime of another, numerous Kansas appellate decisions discuss or apply the identity of statutory elements test, the operative test in deciding whether the lesser crime is an included crime for the purposes of K.S.A. 1987 Supp. 21-

3107(2)(d). See *State v. Long*, 234 Kan. 580, 587-88, 675 P.2d 832 (1984); *State v. Arnold*, 223 Kan. 715, 716-17, 576 P.2d 651 (1978). *State v. Galloway*, 238 Kan. 415, 710 P.2d 1320 (1985), is one of these cases. There it is held that sexual battery (K.S.A. 1987 Supp. 21-3517) and aggravated sexual battery (K.S.A. 1987 Supp. 21-3518) are not included crimes where rape is charged for the reason that the identity of statutory elements test is not met. 238 Kan. at 416-18. *Galloway* makes no mention of the question whether sexual battery or aggravated sexual battery is a "lesser degree of the same crime" for the purposes of K.S.A. 1987 Supp. 21-3107(2)(a). Thus, *Galloway* is neither controlling nor of material precedential value in the disposition of the question before us.

For the purposes of K.S.A. 1987 Supp. 21-3107(2)(a), it has been held that theft is a lesser degree of larceny than robbery (*State v. Long*, 234 Kan. at 592) and that manslaughter is a lesser degree of homicide than murder (*State v. Gregory*, 218 Kan. 180, 183, 542 P.2d 1051 [1975]). The "same crime," as that term appears in K.S.A. 1987 Supp. 21-3107(2)(a), was held to be larceny in *Long* and homicide in *Gregory*. Larceny and homicide were determined to be generic crimes. *Long* held robbery and theft to be embraced within "the same crime" as different degrees of larceny. *Gregory* held murder and manslaughter to be embraced within "the same crime" as different degrees of homicide.

*Long* and *Gregory* teach that inquiry for the existence of a K.S.A. 1987 Supp. 21-3107(2)(a) "same crime" is not restricted to the statutorily defined crimes appearing in Part II of our criminal code (K.S.A. 21-3301 *et seq.*).

With respect to whether there is a "same crime" of which rape and aggravated sexual battery may be lesser degrees on the adduced evidence, we find that rape and aggravated sexual battery are explicitly embraced within the statutory definition of "unlawful sexual act" (K.S.A. 1987 Supp. 21-3501[4]). By reason thereof, we are persuaded that for the purposes of K.S.A. 1987 Supp. 21-3107(2)(a), it correctly may be held that aggravated sexual battery is a lesser degree of "unlawful sexual act" than is rape.

Accordingly, we hold that on the adduced evidence in this

case it was correct to submit to the jury the crime of aggravated sexual battery as a "lesser included crime" and that the trial court had jurisdiction to enter a judgment of conviction for aggravated sexual battery upon the jury's verdicts of not guilty of rape and guilty of aggravated sexual battery.

As a second issue, Patterson contends that his trial counsel afforded him ineffective assistance. This contention is premised on trial counsel's request for the aggravated sexual battery instruction. Inasmuch as we conclude there was no error in submission of the case to the jury with the inclusion of the challenged "lesser included crime" instruction, Patterson's ineffective assistance of counsel contention necessarily fails.

Affirmed.