No. 63,370

STATE OF KANSAS, *Appellee*, v. THEODORE GIBSON, *Appellant*.

(787 P.2d 1176)

Opinion filed March 2, 1990.

*Eric A. Stahl*, special appellate defender, argued the cause and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Melanie S. Jack*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Gene M. Olander*, district attorney, were with her on the brief for appellee.

The opinion of the court was delivered by:

HOLMES, J.: Theodore Gibson appeals his conviction of one count of rape (K.S.A. 21-3502) and the ten- to twenty-five-year sentence imposed by the trial court. We affirm.

The events leading to the defendant's conviction occurred during the early morning hours of May 21, 1988. About 3:00 o'clock a.m., the victim, T.W., awoke to find the defendant standing in her bedroom. The defendant, who had entered through an un-

locked window, threatened T.W., choked her, and subsequently raped her. At the time, T.W.'s boyfriend, Steve, was asleep on a couch in another room of the residence. The defense was consent. Additional facts will be set forth as necessary to consider the issues on appeal.

Defendant first contends that the trial court erred in refusing to give an instruction on aggravated sexual battery (K.S.A. 21-3518) as a lesser included offense of rape.

The statutes pertinent to defendant's claim are K.S.A. 21-3502(1)(a) and K.S.A. 21-3518(1)(a). K.S.A. 21-3502(1)(a) provides:

"(1) Rape is sexual intercourse with a person who does not consent to the sexual intercourse, under any of the following circumstances: (a) When the victim is overcome by force or fear."

K.S.A. 21-3518(1)(a) provides:

"(1) Aggravated sexual battery is:
(a) The unlawful, intentional application of force to the person of another who is not the spouse of the offender and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another."

Defendant recognizes that the statutory elements are different in that aggravated sexual battery requires proof of a nonspousal relationship and proof of an intentional application of force with the intent to arouse or satisfy the sexual desires of the offender or another, neither of which are required to prove rape. However, defendant contends that under our decision in *State v. Fike*, 243 Kan. 365, 757 P.2d 724 (1988), the instruction was required because the State did prove an intentional application of force with the intent to arouse upon proving the act of sexual intercourse and also proved a nonspousal relationship.

In *Fike*, the court stated the test for lesser included crimes under K.S.A. 21-3107(2)(d) as follows:

"In determining whether a lesser crime is a lesser included crime or offense under K.S.A. 1987 Supp. 21-3107(2)(d), a two-step analysis or two-pronged test has been adopted. The first step is to determine whether all of the statutory elements of the alleged lesser included crime are among the statutory elements required to prove the crime charged. If so, the lesser crime is a lesser included crime of the crime charged. Under the second prong of the test, even if the statutory elements of the lesser crime are not all included in the statutory elements of the crime charged, the lesser crime may still be a lesser included crime under K.S.A. 1987 Supp. 21-3107(2)(d)

*if the factual allegations of the charging document and the evidence required to be adduced at trial in order to prove the crime charged would also necessarily prove the lesser crime.*" 243 Kan. 365, Syl. ¶ 1. (Emphasis added.)

Defendant's reliance on *Fike* is misplaced. He has confused what the State may have actually proved in its evidence establishing that a rape occurred with what the State was required to prove to establish the crime charged. The mere fact that the evidence adduced in proving the crime charged may also prove some other crime does not make the other crime a lesser included offense under K.S.A. 21-3107(2)(d). Neither the factual allegations of the rape charge nor the evidence the State was required to adduce at trial includes an intent to arouse or a nonspousal relationship. Defendant fails to distinguish between what the State may prove and what the State must prove at trial.

The trial court, in refusing to instruct the jury on aggravated sexual battery as a lesser included offense, stated:

"I submit to you that you can prove the crime of rape without proving the victim is not the spouse. So it is not the case that the evidence required to be adduced at trial in order to prove rape would also necessarily prove aggravated sexual battery."

We agree with the trial court's analysis.

Although not argued to the trial court and not cited in the brief, defense counsel at oral argument contended that *Patterson v. State*, 12 Kan. App. 2d 731, 754 P.2d 1207 (1988), is also controlling on the issue. In that case the Court of Appeals held that, under the facts of the case, aggravated sexual battery was a lesser included crime of rape. In *Patterson*, the defendant was charged with rape. The defendant requested an instruction on aggravated sexual battery as a lesser included offense and the court, over the objections of the prosecution, granted the request. Defendant was convicted of the lesser charge. The instruction was not an issue on the defendant's direct appeal where the conviction was affirmed in an unpublished opinion. *State v. Patterson*, No. 57,940, 10 Kan. App. 2d xlv. Thereafter, the defendant filed a motion pursuant to K.S.A. 60-1507 in which he asserted aggravated sexual battery was not a lesser included offense of rape and that the court was without jurisdiction to convict him of the lesser crime. The Court of Appeals found that aggra-

vated sexual battery was a lesser included offense of rape as "a lesser degree of the same crime" under K.S.A. 21-3107(2)(a). In doing so, the Court of Appeals relied upon the statutory definition of an "unlawful sexual act" contained in K.S.A. 21-3501(4), which reads:

"(4) 'Unlawful sexual act' means any rape, indecent liberties with a child, aggravated indecent liberties with a child, criminal sodomy, aggravated criminal sodomy, lewd and lascivious behavior, sexual battery or aggravated sexual battery, as defined in this code."

The enumerated crimes of rape, aggravated indecent liberties with a child, criminal sodomy, and aggravated criminal sodomy are all Class B felonies; indecent liberties with a child is a Class C felony; aggravated sexual battery is a Class D felony; sexual battery is a Class A misdemeanor, and lewd and lascivious behavior is a Class B misdemeanor.

The Court of Appeals reasoned:

"For the purposes of K.S.A. 1987 Supp. 21-3107(2)(a), it has been held that theft is a lesser degree of larceny than robbery (*State v. Long*, 234 Kan. at 592) and that manslaughter is a lesser degree of homicide than murder (*State v. Gregory*, 218 Kan. 180, 183, 542 P.2d 1051 [1975]). The 'same crime,' as that term appears in K.S.A. 1987 Supp. 21-3107(2)(a), was held to be larceny in *Long* and homicide in *Gregory*. Larceny and homicide were determined to be generic crimes. *Long* held robbery and theft to be embraced within 'the same crime' as different degrees of larceny. *Gregory* held murder and manslaughter to be embraced within 'the same crime' as different degrees of homicide.

"*Long* and *Gregory* teach that inquiry for the existence of a K.S.A. 1987 Supp. 21-3107(2)(a) 'same crime' is not restricted to the statutorily defined crimes appearing in Part II of our criminal code (K.S.A. 21-3301 *et seq.*).

"With respect to whether there is a 'same crime' of which rape and aggravated sexual battery may be lesser degrees on the adduced evidence, we find that rape and aggravated sexual battery are explicitly embraced within the statutory definition of 'unlawful sexual act' (K.S.A. 1987 Supp. 21-3501[4]). By reason thereof, we are persuaded that for the purposes of K.S.A. 1987 Supp. 21-3107(2)(a), it correctly may be held that aggravated sexual battery is a lesser degree of 'unlawful sexual act' than is rape.

"Accordingly, we hold that on the adduced evidence in this case it was correct to submit to the jury the crime of aggravated sexual battery as a 'lesser included crime' and that the trial court had jurisdiction to enter a judgment of conviction for aggravated sexual battery upon the jury's verdicts of not guilty of rape and guilty of aggravated sexual battery." 12 Kan. App. 2d at 733-34.

We agree with the Court of Appeals that there was no jurisdictional infirmity in *Patterson* but we do not agree that, in defining "unlawful sexual act" in K.S.A. 21-3501(4), the legislature created a generic "same crime" which includes rape and aggravated sexual battery. Rather, the legislature, in adopting K.S.A. 21-3501(4), appears merely to have classified eight separate offenses under the broad category "unlawful sexual act" to avoid the necessity of repeating all eight offenses in the definition of other crimes. K.S.A. 21-3509 (enticement of a child), 21-3510 (indecent solicitation of a child), and 21-3511 (aggravated indecent solicitation of a child) are examples of specific crimes which refer to an "unlawful sexual act" in setting forth the elements of each specific crime. *Long* and *Gregory*, relied upon by the Court of Appeals, involved well-recognized generic crimes which had traditionally been part of the common law. We have found no common-law generic crime generally recognized as "unlawful sexual act." We conclude that K.S.A. 21-3501(4) did not create a new generic class of crimes but merely established a definitional term which could be utilized in describing the elements of certain statutory offenses. To the extent that *Patterson v. State*, 12 Kan. App. 2d 731, 754 P.2d 1207 (1988), holds otherwise, the decision in that case is disapproved.

We hold that aggravated sexual battery is not a lesser degree of the crime of rape.

Defendant's next issue is that the trial court erred in not granting a mistrial when the defendant objected to an additional instruction the court proposed to give in response to a question from the jury. Part of the defendant's defense was that he was intoxicated from alcohol and sniffing gasoline fumes, and he sought an instruction on intoxication. The court gave an instruction on voluntary intoxication patterned after PIK Crim. 2d 54.12. During deliberations the jury made a written request asking, "May we have further clarification on voluntary intoxication as pertains to necessary intent or state of mind as it relates to the rape charge."

In the ensuing discussion with counsel and the defendant, the court's first reaction was to respond that the instruction given on voluntary intoxication "does not refer to the rape count." Defense

counsel vigorously opposed the proposed response and stated the defendant would request a mistrial if the court were to give such an instruction. After considerable discussion, which covers fifteen pages in the transcript, the court gave a supplemental instruction approved by the defendant, and defense counsel specifically stated he had no objection to any portion of the instruction. Defense counsel never made a motion for mistrial, and the instruction approved by the defendant was actually submitted to the jury. Appellate counsel has simply misread the record on appeal. The point has no merit.

Defendant's next point is that there was insufficient evidence to support the conviction. "When the sufficiency of the evidence is challenged, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Smith*, 245 Kan. 381, Syl. ¶ 5, 781 P.2d 666 (1989).

The victim testified that she had not invited defendant to her home, that defendant had choked her and threatened her, that defendant penetrated her vagina with his finger and penis, that she pushed defendant away, that she told defendant "don't" several times, and that she did not consent to any of the sexual acts perpetrated upon her. Her testimony was corroborated to some extent by Steve, who awoke while the assault was taking place, and by a neighbor to whose house the victim fled while Steve and the defendant were fighting.

While the defendant asserts insufficient evidence, what he is really contending is a lack of credibility on the part of the victim.

"It is a jury's prerogative to determine the weight to be given to the evidence, the reasonable inferences to be drawn from the evidence, and the credibility of the witnesses. It is not our function to determine the credibility of witnesses even if there is evidence which could have caused the jury not to believe the witness." *State v. Hammon*, 245 Kan. 450, Syl. ¶ 3, 781 P.2d 1063 (1989).

We have consistently held that a conviction of rape may be upheld based solely upon the testimony of the victim without any corroboration. *State v. Sanders*, 227 Kan. 892, Syl. ¶ 2, 610 P.2d 633 (1980); *State v. Robinson*, 219 Kan. 218, 220, 547 P.2d 335 (1976). Here there was sufficient credible evidence. While

the defendant contended the sexual activity was consensual, the victim testified to the contrary. Unfortunately for the defendant, the jury believed the victim.

Finally, the defendant asserts the trial court abused its discretion in imposing a sentence of ten to twenty-five years.

"A sentence imposed will not be disturbed on appeal if it is within the limits prescribed by law and the realm of trial court discretion and not a result of partiality, prejudice, oppression, or corrupt motive." *State v. Heywood*, 245 Kan. 615, 617-18, 783 P.2d 890 (1989).

The trial court carefully considered the statutory factors contained in K.S.A. 21-4601 and K.S.A. 21-4606 and specifically considered their application to the facts of this case. No abuse of discretion by the trial court in imposing the sentence has been shown.

The judgment is affirmed.