(892 P.2d 513)

No. 71,308

STATE OF KANSAS, *Appellee*, v. ISAAC D. HORN, *Appellant*.

Opinion filed March 24, 1995.

*J. Patrick Lawless, Jr.*, assistant appellate defender, *Wade Breaux*, student intern, *Max Rowinsky*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Kerwin L. Spencer*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRISCOE, C.J., RULON and GREEN, JJ.

RULON, J.: Isaac Horn, defendant, appeals his conviction of one count of aggravated sexual battery, K.S.A. 1994 Supp. 21-3518,

a severity level 5, person felony. Specifically, defendant claims the district court did not have jurisdiction to convict or sentence him because he was charged with aggravated criminal sodomy, and aggravated sexual battery is not a lesser included offense of the crime charged. We reverse and remand with directions.

The facts of this case are not in dispute.

After spending the evening out drinking, the victim, D.R., invited defendant to her apartment. The victim and defendant eventually engaged in sexual intercourse. During this sexual encounter the victim claimed defendant forced her to have anal intercourse. The victim then sought medical attention and later notified the police. Defendant was charged with one count of aggravated criminal sodomy in violation of K.S.A. 1994 Supp. 21-3506(a)(3).

At trial, the jury was properly instructed as to the elements of the original charge of aggravated criminal sodomy. Additionally, both the State and the defendant requested the court to instruct the jury on a perceived lesser included offense of aggravated sexual battery. The court so instructed the jury. Eventually, the jury found the defendant guilty of the charge of aggravated sexual battery. This appeal followed.

## JURISDICTION

Defendant argues that because aggravated sexual battery is not a lesser included offense of aggravated criminal sodomy, the district court did not have jurisdiction to convict and sentence him for aggravated sexual battery.

The parties agree that the question of whether aggravated sexual battery is a lesser included offense of aggravated criminal sodomy is a question of law and thus this court's scope of review is unlimited. See *State v. Mendenhall*, 18 Kan. App. 2d 380, 381, 855 P.2d 975, *rev. denied* 253 Kan. 862 (1993).

"In determining whether a lesser crime is a lesser included offense under K.S.A. 21-3107(2)(d), a two-step analysis or two-pronged test has been adopted. The first step is to determine whether all of the statutory elements of the alleged lesser included crime are among the statutory elements required to prove the crime charged. If so, the lesser crime is a lesser included crime of the crime charged. Under the second prong of the test, even if the statutory elements of the lesser crime are not all included in the statutory elements of the crime

charged, the lesser crime may still be a lesser included crime under K.S.A. 21-3107(2)(d) if the factual allegations of the charging documentand the evidence required to be adduced at trial in order to prove the crime charged would also necessarily prove the lesser crime. *State v. Fike*, 243 Kan. 365, Syl. ¶ 1, 757 P.2d 724 (1988)." *State v. Berberich*, 248 Kan. 854, 857, 811 P.2d 1192 (1991).

Defendant was charged with aggravated criminal sodomy pursuant to K.S.A. 1994 Supp. 21-3506(a)(3), which is defined in relevant part as:

"[S]odomy with a person who does not consent to the sodomy or causing a person, without the person's consent, to engage in sodomy with any person or an animal, under any of the following circumstances:

(A) When the victim is overcome by force or fear."

Aggravated sexual battery is defined in relevant part as:

"(a) Aggravated sexual battery is the intentional touching of the person of another who is 16 or more years of age and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another under any of the following circumstances:

(1) The victim is overcome by force or fear." K.S.A. 1994 Supp. 21-3518.

Clearly, aggravated sexual battery contains different elements than aggravated criminal sodomy. To prove aggravated sexual battery the prosecution is required to show that the victim was over 16 years of age and that the intentional touching was done with the intent to arouse or satisfy the sexual desires of the offender. These two elements are not required to prove aggravated criminal sodomy. Consequently, aggravated sexual battery is not a lesser included offense of aggravated criminal sodomy pursuant to the identity of the elements test.

According to the second prong of the *Fike* analysis, " 'a lesser crime may become a lesser included offense of a greater offense if the information actually alleges a lesser crime and the evidence which must be established to prove the crime charged also proves the lesser crime.' " (Emphasis deleted.) *State v. Dixon*, 248 Kan. 776, 784, 811 P.2d 1153 (1991). "[T]he test is not what the State *may* prove, but what the State is *required* to prove." (Emphasis in original.) *State v. Rush*, 255 Kan. 672, 677, 877 P.2d 386 (1994).

The charging document in the instant case reads in relevant part:

"[O]n or about the 25th day of August, 1993, and within two years of the filing of this action, in said County of Sumner, and State of Kansas, one—ISAAC D. HORN—did then and there unlawfully, willfully, and feloniously: . . . engage in the act of sodomy by anal intercourse with a person, to-wit: [D.R.]; who did not consent to said sodomy and was overcome by force or fear."

Pursuant to the charging document here, the State was only required to prove that defendant engaged in the act of sodomy with D.R., who did not consent, and who was overcome by force or fear. The State was not required to show that the victim was over 16 years of age, nor was it required to show that the touching was done with the intent of arousing or satisfying the sexual desires of defendant. Therefore, in this case, aggravated sexual battery was not a lesser included offense of aggravated criminal sodomy under the second prong of the *Fike* test.

The charging document is the jurisdictional instrument which gives the court authority to convict a defendant of crimes charged in the complaint or of the lesser included crimes thereof. Conversely, if a crime is not specifically stated in the information or is not a lesser included offense of the crime charged, the district court lacks jurisdiction to convict a defendant of the crime, regardless of the evidence presented. See *State v. Chatmon*, 234 Kan. 197, 204-05, 671 P.2d 531 (1983). A conviction based upon a charge not made in the information and not properly before the district court is a clear violation of due process under the Fourteenth Amendment to the Constitution of the United States. "In a criminal action the trial court must not only have jurisdiction over the offense charged, but it must also have jurisdiction of the question which its judgment assumes to decide." 234 Kan. at 205.

The State argues our Supreme Court's holding in *Chatmon* is no longer valid since the court's decision in *Fike*, but it cites no authority for this contention. Absent an indication our Supreme Court has departed from its prior ruling, this court is duty bound to follow the precedent established by the Kansas Supreme Court. *Gruhin v. City of Overland Park*, 17 Kan. App. 2d 388, 391, 836 P.2d 1222 (1992).

Based on the facts shown here, and under the provisions of K.S.A. 21-3107(2)(d) as adopted by the Kansas Legislature and

interpreted by our Supreme Court, we *must* conclude aggravated sexual battery is not a lesser included offense of aggravated criminal sodomy. Consequently, because the State did *not* charge defendant with the crime of aggravated sexual battery, the district court lacked jurisdiction to convict or sentence defendant for the crime of conviction.

We note the State relies upon this court's decision in *State v. Patterson*, 12 Kan. App. 2d 731, 754 P.2d 1207 (1988), *disapproved in part State v. Gibson*, 246 Kan. 298, 787 P.2d 1176 (1990), as authority for the contention that the district court did have the required jurisdiction. In *Patterson*, the defendant challenged the district court's jurisdiction to convict him of aggravated sexual battery as a lesser included crime of rape. This court concluded that aggravated sexual battery was a "lesser degree of the same crime" as rape. We held the crimes of rape and aggravated sexual battery were explicitly embraced within the definition of "unlawful sexual act" under K.S.A. 1987 Supp. 21-3501(4) and, therefore, aggravated sexual battery was a lesser degree of an "unlawful sexual act." 12 Kan. App. 2d at 733.

However, in *Gibson*, our Supreme Court disapproved of this court's analysis which concluded that in defining an unlawful sex act the legislature had created a generic "same crime" which included rape and aggravated sexual battery. The *Gibson* court went on to hold that aggravated sexual battery was not a lesser degree of the crime of rape. 246 Kan. at 302.

## THE INSTRUCTION

Defendant acknowledges that he requested the lesser included offense instruction given at trial.

The law in Kansas is well settled that:

"[n]o party may assign as error the giving or failure to give an instruction unless he or she objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he or she objects and the grounds of the objection, unless the instruction is clearly erroneous. K.S.A. 22-3414(3). An instruction is clearly erroneous only if the reviewing court reaches a firm conviction that if the trial error had not occurred there is a real possibility the jury would have returned a different verdict. [Citation omitted.]" *State v. Deavers*, 252 Kan. 149, 164-65, 843 P.2d 695 (1992), *cert. denied* 125 L. Ed. 2d 276 (1993).

Following *Deavers*, because defendant requested that the instruction be given, he cannot challenge the giving of the instruction on appeal unless it was clearly erroneous. Also, "[a] litigant may not invite and lead a trial court into error and then complain of the trial court's action on appeal." *State v. Prouse*, 244 Kan. 292, 298-99, 767 P.2d 1308 (1989). However, this rule cannot be used as a pretext for the violation of a defendant's constitutional rights where there is no justification for so doing. *State v. Higgins*, 243 Kan. 48, 51, 755 P.2d 12 (1988).

Because we concluded earlier in this opinion that the district court did not have jurisdiction to convict or sentence defendant for aggravated sexual battery, the giving of the lesser included instruction was clearly erroneous. See *State v. Chatmon*, 234 Kan. at 204-05.

The appellate courts of this State each year hear numerous appeals based upon the "silent error" of failure of the trial court to instruct on lesser included offenses. This "silent error" occurs each time a jury is instructed on the elements of crimes charged by the State and no one objects to the trial court's instructions. Much worse is the case before us, where the defendant even requests that an erroneous instruction be given and the court obliges. Common sense tells us some remedy is needed. We believe most of the dense legal fog which shrouds claims of trial court errors based upon claims of failure to instruct on lesser included crimes would diminish if our legislature would promulgate a statutory list of lesser included crimes for each felony crime found in our criminal code.

We reverse and remand the cause with instructions that defendant's conviction and sentence be vacated.