No. 53,863

STATE OF KANSAS, *Appellee,* v. DAVID L. LILLEY, *Appellant.*

(647 P.2d 1323)

Opinion filed July 16, 1982.

*Charles A. O'Hara,* of O'Hara, Busch, Johnson & Falk, of Wichita, argued the cause and *Andrew E. Busch,* of the same firm, was on the brief for the appellant.

*Carl Wagner,* assistant district attorney, argued the cause and *Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney, and *Jack Peggs,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an appeal from a conviction of rape. K.S.A. 21-3502.

About 9:00 a.m. March 24, 1981, David Lilley arrived at the home of Melvin Copeland. Lilley had just been sent home from

work because he was still "shaky" from a drinking binge the night before. Copeland and his wife were keeping the victim, a fourteen-month-old girl, while the victim's mother attended a funeral in Topeka.

After Melvin Copeland's wife left for work he and Lilley went next door to Robert Hopper's apartment. When they left the Copeland apartment the victim was asleep in one of the bedrooms. At Hopper's the three men commenced drinking beer. At around 11:00 a.m. Hopper and Copeland sent Lilley to the liquor store for another six pack. He returned fifteen to thirty minutes later. When this six pack was finished Lilley was again sent out. He brought back more beer about one-half hour later. When Lilley returned the three men continued to drink, but after about ten minutes Lilley left. Approximately twenty minutes later Copeland heard the baby crying next door. He went to investigate and found her standing near the kitchen with blood running down her leg.

The victim was taken to the emergency room where the physician on duty discovered a laceration extending from the vagina to the rectum.

Later that evening Lilley was interviewed by Wichita Police Detective Jan McCloud. At that time he denied any knowledge of the incident. The next day Lilley was again interviewed by Detective McCloud. This time he confessed to the crime.

On March 26, 1981, a complaint was filed against Lilley, charging him with rape. K.S.A. 21-3502. Trial was held September 28, 1981, and Lilley was found guilty. He appeals.

Appellant first contends the trial court erred in allowing the State to amend the original information. That information, filed March 26, 1981, alleged the appellant committed:

"[T]he act of sexual intercourse with a female infant, to wit: [child's name], age fourteen (14) months, when the said [child's name] was physically powerless to resist; and when the said [child's name] was incapable of giving her consent because of mental deficiency which condition was known and was reasonably apparent to the said David L. Lilley."

The amended information merely deleted the phrase regarding the victim's inability to consent.

K.S.A. 22-3201(4) provides:

"The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

Here none of appellant's rights were prejudiced. There was no surprise involved. The amended complaint included the same wording as the original. Appellant knew from the start the State was alleging the little girl was powerless to resist his attack.

Appellant next argues he was improperly charged with rape and that it was error for the trial court to refuse to instruct on the lesser included offense of indecent liberties with a child. The elements of rape are set out in K.S.A. 21-3502(1):

"Rape is the act of sexual intercourse committed by a man with a woman not his wife, and without her consent when committed under any of the following circumstances:

"(a) When a woman's resistance is overcome by force or fear; or

"(b) When the woman is unconscious or physically powerless to resist; or

"(c) When the woman is incapable of giving her consent because of mental deficiency or disease, which condition was known by the man or was reasonably apparent to him; or

"(d) When the woman's resistance is prevented by the effect of any alcoholic liquor, narcotic, drug or other substance administered to the woman by the man or another for the purpose of preventing the woman's resistance, unless the woman voluntarily consumes or allows the administration of the substance with knowledge of its nature."

Since K.S.A. 21-3501 defines "woman" as "any female human being" rape was obviously a proper charge in this case. This section replaced the previous offense of forcible rape while K.S.A. 21-3503 replaced statutory rape. Lilley could have been charged with either offense. The State properly chose to charge him with the former.

K.S.A. 21-3503(1) states:

"Indecent liberties with a child is engaging in either of the following acts with a child under the age of sixteen (16) years who is not the spouse of the offender:

"(a) The act of sexual intercourse;

"(b) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both."

Indecent liberties with a child could in some cases constitute a lesser included offense of rape. The trial court's duty to instruct on lesser included crimes is governed by K.S.A. 21-3107(3), and that duty arises only when there is evidence under which the defendant might have reasonably been convicted of the lesser offense. *State v. Staab,* 230 Kan. 329, 339, 635 P.2d 257 (1981). Here the age of the victim prevented her consent. Thus, under

these circumstances no evidence of the lesser offense could have been offered. As such the trial court properly refused to give the instruction.

Appellant next argues the State failed to prove all the elements of the crime of rape because it offered no evidence to show the victim was not the appellant's wife. This claim deserves little discussion. Under K.S.A. 60-409(*a*) the court may take judicial notice of "such specific facts and propositions of generalized knowledge as are so universally known that they cannot reasonably be the subject of dispute." It is obvious the fourteen-month-old victim was not appellant's wife. Under these circumstances no proof was required.

Appellant next claims he was entitled to an instruction on involuntary intoxication. K.S.A. 21-3208(1) provides:

"The fact that a person charged with a crime was in an intoxicated condition at the time the alleged crime was committed is a defense only if such condition was involuntarily produced and rendered such person substantially incapable of knowing or understanding the wrongfulness of his conduct and of conforming his conduct to the requirements of law."

A defendant is, of course, entitled to have the theory of his case presented to the jury under appropriate instructions where there is support for it in the evidence. *State v. Warren*, 221 Kan. 10, 13, 557 P.2d 1248 (1976); *State v. Moore*, 220 Kan. 707, 709, 556 P.2d 409 (1976). The problem here is that the record in this case contains absolutely no support for appellant's theory of involuntary intoxication. "[B]efore intoxication may be said to be 'involuntary' a defendant must show an irresistible force, which is something much more than a strong urge or 'compulsion' to drink." *State v. Seely*, 212 Kan. 195, 202, 510 P.2d 115 (1973). Here all the evidence points to the voluntary consumption of alcohol. As such the instruction was properly refused.

Appellant next contends the trial court erred in admitting his out-of-court confession because it was not freely and voluntarily made.

At the beginning of the trial the court held a hearing outside the presence of the jury to determine the admissibility of a tape of the appellant's confession made the day after the rape. At the hearing Detective McCloud testified the confession was voluntarily made after the appellant had waived his *Miranda* rights. Appellant claimed the confession was made as a result of threats by the police. He acknowledged, however, that he knew and understood

his rights when he made the confession. Indeed, the transcript of the taped confession shows appellant was thoroughly advised of his rights and that he waived them all in writing.

The hearing was conducted by the trial court pursuant to K.S.A. 22-3215. When the trial court determines from such a hearing the extrajudicial statement was freely, voluntarily and intelligently given and admits the statement into evidence at trial, the appellate court will not reverse such determination if it is supported by substantial competent evidence. *State v. Gilder*, 223 Kan. 220, 227, 574 P.2d 196 (1977). See also *State v. Treadwell*, 223 Kan. 577, 578-79, 575 P.2d 550 (1978). Here the appellant's own testimony established he was aware of his rights when he made the statement. Further, the taped confession itself, which the trial court listened to before making its ruling, contains substantial, competent evidence the statement was freely and voluntarily made.

Appellant's final argument is that he should have been granted a new trial because of misconduct on the part of the prosecutor.

During closing argument the prosecutor stated:

"Let me comment just a moment on the confession that you heard that we played through the testimony of, Detective McCloud. The admissibility in this trial of that confession is determined by one person. It is not determined by Mr. Busch or myself. It is not determined by you. It is determined by Judge Ballinger. And Judge Ballinger heard the evidence outside your presence and determined that the confession was given voluntarily, was given freely, and under the law that confession was properly admitted in this trial.

"Now, MR. BUSCH would have you believe that there was something wrong with that confession, but there is not anything wrong with that confession. If there were you never would have heard it in this case."

Appellant made no contemporaneous objection to these comments.

"It is well settled that reversible error cannot be predicated upon a complaint of misconduct of counsel in the closing argument to the jury where the defendant makes no objection to the misconduct and makes no request to have the court admonish the jury to disregard the objectionable statements." *State v. Fleury*, 203 Kan. 888, 896, 457 P.2d 44 (1969).

See also *State v. Moody*, 223 Kan. 699, 705, 576 P.2d 637, *cert. denied* 439 U.S. 894 (1978).

Besides appellant's failure to object, the trial court admonished the jury to disregard any statements of counsel having no basis in evidence. No reversible error was shown.

The judgment of the trial court is affirmed.