No. 78,369

STATE OF KANSAS, *Appellee*, v. MICHAEL TODD BELCHER, *Appellant*.

(4 P.3d 1137)

Opinion filed April 21, 2000.

*Craig H. Durham,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*W. Scott Toth,* assistant district attorney, argued the cause, and *Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Carla J. Stovall,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a lesser included offense case. At issue is the application of the second prong of *State v. Fike,* 243 Kan. 365, 757 P.2d 724 (1988). The State charged Michael Todd Belcher with one count each of rape (K.S.A. 21-3502[a][2], sexual intercourse with a child under 14) and aggravated criminal sodomy (K.S.A. 21-3506). Belcher allegedly had sexual intercourse with his 12-year-old stepsister, E.P. on August 15, 1995. A jury acquitted Belcher on both the rape and sodomy charges but convicted him of what the district court ruled was a lesser included offense of rape, aggravated indecent liberties with a child. K.S.A. 21-3504(a)(3)(A). The Court of Appeals, in an unpublished opinion, agreed that aggravated indecent liberties is a lesser included offense of rape. Our jurisdiction arises from granting Belcher's petition for review under Supreme Court Rule 8.03 (1999 Kan. Ct. R. Annot. 53) to address conflicting opinions.

The question is whether aggravated indecent liberties with a child is a lesser included offense of rape. We hold that it is not and reverse the Court of Appeals and the district court.

## FACTS

Twelve-year-old E.P. told two friends that she was no longer a virgin. When E.P. made the statement, her young friends pressed her for the name of the person she had sex with. E.P. said it was "Todd," meaning the defendant, who was her 20-year-old step-brother. One of E.P.'s friends, K., told her mother of E.P.'s admission. K.'s mother then questioned E.P. about the circumstances of her sexual encounter with Belcher. E.P. described prior instances of inappropriate touching and oral sex culminating in a forcible rape. E.P. said she was lying on the couch watching a movie when Belcher came home drunk and forced her to have sex with him. E.P.'s father was married to Belcher's mother. Both parents were home during the alleged rape but had no knowledge of it.

After hearing E.P.'s description of the events, K's mother called E.P.'s father and told him of the allegations. E.P.'s father immediately called the police. A medical examination revealed that E.P. sustained internal injuries consistent with penile penetration.

Belcher denied any sexual contact with E.P. He testified that E.P., as a young girl just entering her teenage years, had a slight crush on him. Belcher was a college student with no criminal record. During the time in question, Belcher was on summer vacation. He contended E.P.'s crush caused her to try to accompany Belcher and his friend Mika Sloane wherever they went. On the night in question, Belcher worked until around 9 p.m. at a grocery store. He went to Sloane's house and the two then continued to Belcher's home, where they ate a few sandwiches and shared a bottle of wine. They watched television with E.P. Sloane left around 3:30 a.m. Belcher testified he went directly to bed after Sloane left. He denied any sexual contact with E.P. Sloane corroborated Belcher's testimony up until the time he left.

After hearing evidence, the district court decided it would instruct the jury on aggravated indecent liberties with a child as a lesser included offense of each charge. Neither Belcher nor the

State objected to the instructions. (Defense counsel requested lesser included offense instructions on incest, aggravated incest, indecent liberties, indecent liberties sodomy, and criminal sodomy, but not aggravated indecent liberties.) The jury acquitted Belcher on the charges of sodomy, the lesser included sodomy charge of aggravated indecent liberties, and of rape. He was convicted of aggravated indecent liberties as a lesser included offense of rape.

Belcher argued before the Court of Appeals that aggravated indecent liberties is not a lesser included offense of rape. The Court of Appeals disagreed and affirmed his conviction.

## DISCUSSION

Whether a crime is a lesser included offense is a question of law over which we have unlimited review. See *State v. Ochoa,* 20 Kan. App. 2d 1014, 1017, 895 P.2d 198 (1995). The question we are to resolve is whether aggravated indecent liberties with a child is a lesser included offense of rape. The Court of Appeals here answered "yes," relying on *State v. Burns,* 23 Kan. App. 2d 352, 931 P.2d 1258, *rev. denied* 262 Kan. 964 (1997). We disagree.

We apply *Fike* to decide whether a particular crime is a lesser included offense of another crime. The *Fike* court admitted that language in K.S.A. 21-3107(2)(d), "a crime necessarily proved if the crime charged were proved," in terms of interpretation and application was "most troublesome." 243 Kan. at 367. See Comment, *Simplifying the Issue?:* State v. Fike *and the Doctrine of Lesser Included Offenses In Kansas,* 45 Kan. L. Rev. 1463 (1997). The implementation of 21-3107(2)(d) and the application of *Fike* have judicially bedeviled trial and appellate courts for more than a decade.

*Fike* establishes a two-prong test in determining whether a particular crime is a lesser included offense. The first prong asks whether all of the statutory elements of the alleged lesser included crime are among the statutory elements required to prove the crime charged. The second prong instructs that, even if the elements of the lesser crime are not included in the elements of the crime charged, the lesser crime might still be a lesser included crime if the factual allegations of the charging document and evi-

dence at trial necessary to prove the crime charged would also necessarily prove the lesser crime. 243 Kan. 365, Syl. ¶ 1.

The troublesome second prong of *Fike,* the prong at issue here, was eliminated by the legislature in 1998. See K.S.A. 1999 Supp. 21-3107(2); Molzen, *Lesser Included Offenses: An End to the Second Prong of the* Fike *Test,* 67 J.K.B.A. 30 (Nov. 1998). However, Belcher's alleged sexual contact with E.P. occurred in 1995; thus, K.S.A. 1999 Supp. 21-3107(2) is not applicable. We must analyze Belcher's conviction under both prongs of *Fike.*

We now turn to review the elements of the crimes at issue. Rape under K.S.A. 21-3502(a)(2) is "sexual intercourse with a child who is under 14 years of age." (E.P. was 12.) Aggravated indecent liberties with a child, K.S.A. 21-3504(a)(3)(A), is engaging in "[a]ny lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both" with a child under the age of 14.

Comparing rape and aggravated indecent liberties, not all of the statutory elements of aggravated indecent liberties are included in the statutory elements of rape. Therefore, we are left with the second prong of *Fike*: Is aggravated indecent liberties necessarily proved if rape is proved?

To answer *Fike's* inquiry, we review conflicting appellate decisions. In *Burns,* the district court refused to give a separate instruction on aggravated indecent liberties, concluding the offense would be multiplicitous with rape. The district court decided it would instruct the jury that aggravated indecent liberties was a lesser included offense of rape. The jury convicted Burns of rape, but the district court disagreed with the verdict. It entered a judgment of acquittal on the rape charge and guilty on the lesser crime of aggravated indecent liberties.

The *Burns* court agreed that aggravated indecent liberties is a lesser included offense of rape, reasoning:

"Under the second prong of *Fike,* the evidence required at trial in order to prove rape is sexual intercourse, which by definition includes penetration of the female sex organ by a finger. In order to have 'sexual intercourse,' contact would be necessary and under the facts of this case involving penetration by a finger, that

contact could obviously be considered 'lewd fondling or touching.' Under the facts adduced in this case, once the elements of rape were proved, the crime of aggravated indecent liberties was also necessarily proved." 23 Kan. App. 2d at 359-60.

*Burns* did not discuss *State v. Gibson,* 246 Kan. 298, 787 P.2d 1176 (1990). *Gibson* involved the crimes of forcible rape and aggravated sexual battery. Gibson argued the district court erred by refusing to instruct that aggravated sexual battery was a lesser included offense of rape. Aggravated sexual battery under K.S.A. 21-3518(1)(a) (Ensley 1988) was defined as "[t]he unlawful, intentional application of force to the person of another who is not the spouse of the offender and who does not consent thereto, *with the intent to arouse or satisfy the sexual desires of the offender or another.*" (Emphasis added.) *Gibson* was also decided under *Fike's* second prong. In *Gibson,* we held that aggravated sexual battery was *not* a lesser included offense of rape because "[n]either the factual allegations of the rape charge nor the evidence the State was required to adduce at trial include[d] an intent to arouse or a nonspousal relationship." 246 Kan. at 300. *Gibson* explained that the defendant failed to distinguish between what the State was required to prove and what the State may have actually proved. 246 Kan. at 300.

The holding of *Gibson* is significant to our discussion. *Gibson's* teaching with respect to the "intent to arouse or satisfy" element of aggravated sexual battery is contrary to the ruling in *Burns. Gibson* held that proof of sexual intercourse does not necessarily prove an intent to arouse. *Burns* held that proof of sexual intercourse necessarily proved lewd fondling. *Burns* did not address the "intent to arouse" element. However, *Burns* holds implicitly that proof of sexual intercourse also necessarily proves an intent to arouse.

The complaint here states that on or about August 15, 1995, Belcher unlawfully engaged in the act of sexual intercourse with E.P., a child under 14 years of age. The complaint contains no K.S.A. 21-3504(a)(3)(A) "intent to arouse" language. In *Gibson,* intent to arouse was not necessarily proved upon a finding of sexual intercourse. Therefore, it also would not necessarily be proved upon a finding of sexual intercourse in Belcher's case.

The Court of Appeals in both *Burns* and the present case failed to acknowledge or analyze the "intent to arouse" element of aggravated indecent liberties. As Belcher points out, that statutory requirement is not unimportant. It makes aggravated indecent liberties a specific intent crime. Rape is not a specific intent crime. See *State v. Cantrell,* 234 Kan. 426, Syl. ¶ 9, 673 P.2d 1147 (1983), *cert. denied* 469 U.S. 817 (1984). Any language in *Burns* contrary to this opinion is disapproved.

Three older cases address indecent liberties as a lesser included offense of rape. See *State v. Cahill,* 252 Kan. 309, 313, 845 P.2d 624 (1993) (indecent liberties is a lesser included offense of rape when there is an issue of consent); *State v. Coberly,* 233 Kan. 100, 108, 661 P.2d 383 (1983) (indecent liberties is a crime necessarily proved if the crime of rape is proved); *State v. Lilley,* 231 Kan. 694, 696, 647 P.2d 1323 (1982) (indecent liberties could, in some cases, constitute a lesser included offense of rape). However, we signal a caveat—*Cahill, Coberly,* and *Lilley,* were decided under K.S.A. 1992 Supp. 21-3503, a different version of the indecent liberties with a child statute. In 1993 the legislature made extensive changes to Kansas rape, indecent liberties, sodomy, and sexual battery laws (including the aggravated degrees of the latter three). See L. 1993, ch. 253, §§ 1-10. Before the 1993 changes, indecent liberties with a child was

"engaging in [either] of the following acts with a child who is under 16 years of age:

"(a) Sexual intercourse; or

"(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both." K.S.A. 1992 Supp. 21-3503(1).

The 1993 amendments totally restructured the rape and indecent liberties statutes. The act of "sexual intercourse" was deleted from K.S.A. 1992 Supp. 21-3503(1) as a means of committing indecent liberties with a child. As the statutes are now written, only specific acts with persons of certain ages fall within the purview of each statute. Indecent liberties, 21-3503, applies only to acts with a 14- or 15-year-old. Aggravated indecent liberties is, *inter alia,* intercourse with a 14- or 15-year-old. K.S.A. 21-3504(a)(1). Rape

under 21-3502(a)(2) is sexual intercourse with a child *under the age of 14.* Thus, where consent is not an issue, and an act of sexual intercourse takes place, the defendant may be charged either with aggravated indecent liberties or rape, depending on the age of the victim.

These statutory modifications had a significant impact on the issue of lesser included offenses. We note from the record here that counsel and the district court engaged in an earnest effort attempting to follow the statutes and properly instruct the jury. However, it was error to instruct the jury on aggravated indecent liberties as a lesser included offense of rape. E.P. was under 14; thus, the only portion of the aggravated indecent liberties statute, K.S.A. 21-3504, that might have applied is subsection (3) ("lewd fondling or touching . . . with the intent to arouse"). And we reject *Burns'* holding that sexual intercourse necessarily proves lewd fondling with the intent to arouse under *Fike's* second prong.

The elements of aggravated indecent liberties under 21-3504(a)(3)(A) are not necessarily proved if the elements of rape are proved. While the evidence at trial *may* show that there was lewd fondling or touching with the "intent to arouse," that is not the test under the second prong of *Fike. Gibson* teaches that we focus only on what the State *must* prove. An "intent to arouse" is not among the elements that must be proved in a K.S.A. 21-3502(a)(2) rape case. See *Gibson,* 246 Kan. at 300. Here, the State *needed* only to prove intercourse with a person under the age of 14.

Because aggravated indecent liberties with a child is not a lesser included offense of rape, the district court had no jurisdiction over the offense. "[I]f a crime is not specifically stated in the information or is not a lesser included offense of the crime charged, the district court lacks jurisdiction to convict a defendant of the crime, regardless of the evidence presented." *State v. Horn,* 20 Kan. App. 2d 689, Syl. ¶ 1, 892 P.2d 513, *rev. denied* 257 Kan. 1094 (1995). A judgment for the offense of aggravated indecent liberties where the court is without jurisdiction to decide the issue is void. See *State v. Chatmon,* 234 Kan. 197, 205, 671 P.2d 531 (1983).

## INVITED ERROR

The State contends Belcher's failure to object to the aggravated indecent liberties instruction is invited error. Thus, in the State's view, even if aggravated indecent liberties is not a lesser included offense of rape, Belcher's conviction must stand because the error was invited. Belcher asserts the invited error doctrine does not apply because the issue is jurisdiction, and no party may confer jurisdiction on a court, citing *Chatmon*, 234 Kan. at 205. We agree with Belcher.

*Chatmon* is directly on point. Chatmon requested an instruction on battery as a lesser included offense of rape. The instruction was given and the jury convicted Chatmon on the purported lesser charge. On appeal, Chatmon argued the battery instruction was clearly erroneous. See K.S.A. 60-251(b). In response, the State argued invited error. We said:

"A conviction upon a charge not made in the information or properly brought before the court is a clear denial of due process. . . . In a criminal action the trial court must not only have jurisdiction over the offense charged, but it must also have jurisdiction of the question which its judgment assumes to decide. [Citation omitted.] A judgment for the offense of battery where the court is without jurisdiction to decide the issue is void." 234 Kan. at 205.

The State does not acknowledge *Chatmon* as the controlling authority. It makes no arguments as to why *Chatmon* should be overruled, and we decline to do so.

Because of our reversal, it is unnecessary to address Belcher's due process and prosecutorial misconduct claims.

Reversed and remanded with instructions to vacate Belcher's conviction and sentence.