(62 P.3d 667)

No. 88,604

STATE OF KANSAS, *Appellee*, v. KRISTOPHER S. CLUBB, *Appellant*.

Opinion filed February 7, 2003.

*Reid T. Nelson*, capital appellate defender, for appellant.

*David A. Brace*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BEIER, P.J., PIERRON, J., and PADDOCK, S.J.

PADDOCK, J.: Kristopher S. Clubb was charged with one count of rape in violation of K.S.A. 2001 Supp. 21-3502(a)(2) and one count of aggravated indecent liberties with a child in violation of K.S.A. 21-3504(a)(3)(A). Clubb was found guilty of the aggravated

indecent liberties with a child charge and guilty of aggravated indecent liberties with a child as a lesser included offense of the rape charge.

Clubb appeals both convictions. We vacate the lesser included offense conviction and reverse the conviction of the charged offense of aggravated indecent liberties with a child. We agree with Clubb's argument that the trial court erred by instructing the jury that aggravated indecent liberties with a child was a lesser included offense of rape.

The criminal acts were alleged to have occurred in April 2001. Thus, the "elements test" of K.S.A. 2001 Supp. 21-3107(2) governs whether aggravated indecent liberties with a child is a lesser included offense of rape.

The elements of aggravated indecent liberties with a child under K.S.A. 21-3504(a)(3)(A) are not necessarily proved if the elements of rape are proved. Specifically, an "intent to arouse" is not among the elements that must be proved in a K.S.A. 2001 Supp. 21-3502(a)(2) rape case. See *State v. Belcher*, 269 Kan. 2, 8, 4 P.3d 1137 (2000); *State v. Hill*, 271 Kan. 929, 941, 26 P.3d 1267 (2001).

Here, Clubb had been charged with rape pursuant to K.S.A. 2001 Supp. 21-3502(a)(2). Therefore, as in *Belcher* and *Hill*, the State did not have to prove that Clubb engaged in lewd fondling or touching of the 11-year-old victim, A.C., in order to prove rape. Thus, by applying the "elements test," aggravated indecent liberties with a child was not a lesser included offense of rape in this case.

Even if we assume the State's evidence would have supported an aggravated indecent liberties with a child conviction, the *Belcher* court stated a defendant cannot be convicted of a crime which is not a lesser included offense of the crime charged if the crime is not specifically stated in the information. *Belcher*, 269 Kan. at 8. Here, the crime of aggravated indecent liberties with a child was not stated in the information in the alternative to the rape charge. Accordingly, the trial court lacked jurisdiction to convict Clubb of the crime not charged. The lesser included offense instruction was erroneous, and Clubb's conviction of aggravated indecent liberties

with a child as a lesser included offense of the rape charge must be vacated.

Next, Clubb claims the trial court erred in failing to give a unanimity instruction because there was evidence of multiple acts which could have constituted aggravated indecent liberties with a child as charged in the second count of the information. Again, we agree.

The Kansas Supreme Court has rejected a structural error approach in multiple acts cases and has applied a two-step harmless error analysis. *Hill*, 271 Kan. at 939.

The first step of the analysis is to determine whether there is a possibility of jury confusion from the record or if the evidence showed either factually or legally separate incidents. Incidents are factually separate when independent criminal acts have occurred at different times or when a later criminal act is motivated by a fresh impulse. *Hill*, 271 Kan. at 939.

Here, there was evidence of three separate incidents when sexual activity differing in kind occurred between Clubb and A.C. There was the incident in the bedroom where A.C.'s mother, Kimberly, and Clubb slept. This incident occurred when A.C. had a nightmare which caused her to seek comfort in Clubb and Kimberly's bed. There was the incident in A.C.'s bedroom when Clubb awakened A.C. to take her to the bathroom. Then there was the incident in the living room where Clubb purportedly shaved A.C.'s legs and underarms and massaged her before engaging in "sex play." These incidents would fall within the category of being factually separate as occurring at separate times or motivated by a fresh impulse.

Even though the incidents were factually separate, *Hill* requires an additional determination as to whether the incidents were legally separate. Legally separate incidents are those where the defendant presents different defenses to separate facts or when the court's instructions are ambiguous but tend to shift the legal theory from a single incident to two separate incidents. *Hill*, 271 Kan. at 939.

Here, the evidence tended to establish different defenses for each of the three incidents. Kimberly testified that she did not

believe any sexual activity occurred between Clubb and A.C. in Clubb and Kimberly's bed as she would awaken whenever A.C. got into their bed and would have been aware of any sexual activity between Clubb and A.C. Kimberly's testimony bolstered Clubb's defense regarding allegations of abuse occurring in his and Kimberly's bed. A.C. shared her bedroom with her siblings, who told investigators that they were not aware of sexual activity between Clubb and A.C. in their bedroom. Clubb argued at trial that A.C.'s claims of abuse in the living room were suspect because they were raised for the first time at trial.

A.C., and other witnesses whom A.C. had confided in, had testified as to the incidents; thus, the jury had to consider the credibility of more than one witness. Therefore, there is solid ground to believe that the evidence created a setting where the jurors could have convicted Clubb yet disagreed regarding which incident was the basis for the conviction.

Furthermore, the trial court's instructions were ambiguous but tended to shift the legal theory from a single incident to separate incidents. One instruction asked the jury to determine if Clubb was guilty of committing aggravated indecent liberties with a child "on or about an unknown date in April, 2001." An additional instruction for aggravated indecent liberties with a child was mistakenly included as a lesser included offense for the rape charge. Moreover, the two instructions were given back to back. The jury responded by finding Clubb guilty of two counts of aggravated indecent liberties with a child, each to have occurred on an unknown date in April 2001, although he was only charged with one count of that crime.

Here, the incidents were factually and legally distinct, and there was a strong possibility of jury confusion.

Because the first-step analysis strongly suggests the possibility of jury confusion, we need not consider the second step in *Hill*. See 271 Kan. at 939 (if no jury confusion is shown, then the second step is to determine if the error in failing to give a unanimity instruction was harmless beyond a reasonable doubt).

The failure of the trial court to give a unanimity instruction requires reversal of the conviction of aggravated indecent liberties with a child charged in the information.

Next, Clubb claims the evidence was insufficient to sustain his conviction. Although a decision on this claim is not without some difficulty, we find no error.

"When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. [Citation omitted.]" *State v. Evans*, 270 Kan. 585, 590, 17 P.3d 340 (2001).

An appellate court will not disturb a verdict based on substantial competent evidence rendered by a jury as it is the jury's function to weigh the evidence and determine the credibility of the witnesses. *State v. Aikens*, 261 Kan. 346, 391-92, 932 P.2d 408 (1997).

The elements of the charged crime of aggravated indecent liberties with a child are set out in K.S.A. 21-3504(a)(3)(A). A.C.'s age was not in dispute.

Basically, Clubb's argument on this point is that A.C.'s account of the incidents was so incredible and improbable as to defy belief. For support, Clubb cites *State v. Matlock*, 233 Kan. 1, 660 P.2d 945 (1983). In determining whether the evidence was insufficient to sustain a rape conviction, the *Matlock* court considered 14 facts which were either admitted or uncontroverted by the victim. 233 Kan. 4-5. Instead of repeating the facts considered by the *Matlock* court, we reference that opinion.

There are some striking similarities between the *Matlock* facts and those in the instant case. None of the other persons in the house could corroborate A.C.'s account. A.C. admitted she constantly lied. Kimberly provided a motive for A.C.'s "tale" of sexual abuse, namely, A.C. wanted to live with her natural father and she threatened to report the abuse when Clubb and Kimberly attempted to discipline her. At the time of the trial, A.C. appeared to be on friendly terms with Clubb. A.C. did not report the abuse at the time it occurred.

However, other factors distinguish this case from *Matlock*. Here, the jury had reasons to assess the credibility of witnesses other than the victim, A.C. Kimberly informed the jury that she allowed A.C. and her siblings to be taken into protective custody after A.C. reported the sexual abuse because Clubb had nowhere to stay except

with her. A.C.'s 9-year-old brother was removed from the home after he became upset with Clubb. A.C. was 11 years old at the time of the abuse, whereas the *Matlock* victim was 22 years old. A.C. reported her abuse 1 month after it occurred, while the *Matlock* victim waited 15 months. Furthermore, the actions of the *Matlock* victim in maintaining a friendly relationship with the defendant and often lying could be scrutinized more closely than those of 11-year-old A.C.

Clubb points out inconsistencies in A.C.'s account during her initial interview, the preliminary hearing, and at trial. Although inconsistences may have occurred, her accounts established the elements of the crime for which Clubb was convicted, and it was the jury's function to determine her credibility.

Clubb further argues that A.C.'s physical examination failed to reveal signs of sexual abuse. The jury did not convict Clubb of rape; thus, the lack of physical evidence of sexual abuse was not compelling.

Finally, Clubb claims the State's initial interview of A.C. failed to follow accepted techniques for interviewing child victims of sexual abuse. This claim is not properly before this court on appeal as it was not presented to the trial court.

Upon reviewing the evidence in this case and applying our standard of review, we are convinced that a rational factfinder could have found Clubb guilty beyond a reasonable doubt. However, his conviction must be reversed on other grounds as previously stated.

Clubb has asserted other claims of trial error which are not necessary for us to review, as his conviction must be reversed and the case remanded for a new trial. Clubb's conviction of aggravated indecent liberties with a child as a lesser included offense of rape is vacated. The conviction of aggravated indecent liberties with a child as charged is reversed and the case is remanded for a new trial.

Reversed in part, vacated in part, and remanded with directions.