**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY T. BROILS,

        Petitioner-Appellant,

v.

CHARLES SIMMONS; ATTORNEY
GENERAL OF KANSAS,

        Respondents - Appellees.

No. 04-3452

District of Kansas

(D.C. No. 02-CV-3431-MLB)

**ORDER**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Larry T. Broils, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Broils has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## I. Factual and Procedural Background

Mr. Broils was convicted in Kansas state court of raping a five-year-old girl. After his direct appeal and collateral attack failed in the Kansas courts, he filed a federal habeas petition. Before the district court, Mr. Broils asserted eight claims: six of these claims involved ineffective assistance of counsel, one claim was based on jury instruction error, and one claim involved improper juror contact with the victim's family. The district court held that Mr. Broils procedurally defaulted on one of his ineffective assistance of counsel claims, and denied relief on the merits with respect to the remainder of the claims. On October 15, 2004, the district court entered an order denying Mr. Broils's application for a COA. He has renewed his request here.

## II. Standard of Review

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). This requires a prisoner whose habeas petition was denied on procedural grounds to

show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. If a procedural bar is "plain" and "the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

### III. Discussion

Mr. Broils makes four claims on appeal, each alleging a specific instance of ineffective assistance of counsel. In order to demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was so deficient that it "fell below an objective standard of reasonableness" and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).

Mr. Broils first claims that his trial counsel was ineffective for failing to call an expert witness. Mr. Broils did not raise this issue to the district court; therefore, we will not consider the claim on appeal. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1538 (10th Cir. 1996).

Mr. Broils next claims that his trial counsel was ineffective for failing to object when the court excluded testimony from a defense witness. This claim was

not presented in the state system. We may consider procedurally defaulted claims only if the petitioner demonstrates "cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). The district court found nothing in the record that amounted to cause for the procedural default and Mr. Broils did not present arguments or evidence to suggest actual innocence; nor does he make such arguments before us. The district court dismissed the claim as procedurally defaulted. The procedural rule that a defendant must present a claim to a state court before making the claim in a federal court is "plain." *See Slack*, 529 U.S. at 484; *see also* 28 U.S.C. § 2254(b)(1)(A). A reasonable jurist could not conclude that the district court erred in dismissing this claim.

Mr. Broils's third claim is that his trial counsel was ineffective for failing to object to the jury instructions because they did not instruct the jury on the lesser included offense of aggravated indecent liberties with a child. However, the Kansas appellate court, relying on state precedent, held that aggravated indecent liberties with a child is not a lesser included offense of rape because it includes an additional element of intent not required to prove rape. *State v. Broils*, No. 82,264 at 14 (Kan. Ct. App. August 4, 2000) (citing *State v. Belcher*, 4 P.3d 1137, 1141 (Kan. 1999)). Since Mr. Broils has not shown that there was any error in the jury instructions, his trial counsel did not render ineffective

assistance by failing to object.

Finally, Mr. Broils claims that his trial counsel was ineffective for failing to investigate alleged juror misconduct. Mr. Broils alleges that after the jury had returned a verdict, he was informed that there were communications between members of the victim's families and jurors during breaks in the trial. Mr. Broils's motion for a new trial was heard at sentencing. The court denied the motion, finding that the allegations were too speculative and without testimony. Mr. Broils did not challenge this ruling on direct appeal. During his state collateral attack, Mr. Broils alleged that his counsel failed to investigate the alleged misconduct prior to the sentencing hearing. The court denied relief, finding that Mr. Broils had failed to develop the factual basis of the claim. The Kansas appellate court relied on the second prong of *Strickland* to affirm, finding that Mr. Broils was not prejudiced by an alleged failure to investigate, since by the time of his state collateral attack, two years later, he had still been unable to establish any factual support for his claim.

We agree with the Kansas Court of Appeals that "if there were any merit to petitioner's claim of juror misconduct, he would have produced evidence to support it" in his state habeas proceedings. R. Doc. 18, at 16. Therefore, the Kansas Court of Appeals' decision was not an unreasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d)(1).

Accordingly, we **DENY** Mr. Broils's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Patrick Fisher, Clerk