NOT DESIGNATED FOR PUBLICATION

No. 115,121

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ERIC TODD TAYLOR,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed October 7, 2016. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., POWELL, J., and STUTZMAN, S.J.

*Per Curiam:* Eric Todd Taylor appeals the district court's order summarily dismissing his K.S.A. 60-1507 motion. In his underlying criminal case, Taylor pled no contest to one count of rape of a child under 14 years of age. The plea was accepted by the district court, and he was found guilty. Nearly 3 years later, Taylor filed a K.S.A. 60-1507 motion claiming that his trial counsel had been ineffective. Following dismissal of his motion by the district court, Taylor appealed. On appeal, although he claims that his trial counsel should have advised him that aggravated indecent solicitation of a child under the age of 14 is a lesser included offense of rape of a child under 14 years of age, he candidly admits that his claim must fail. Thus, we affirm.

1

On May 25, 2011, the State charged Taylor with two counts of rape of a child under the age of 14 and one count of aggravated criminal sodomy of a child under the age of 14. An affidavit attached to the complaint alleged that Taylor—who was 28 years old at the time—had sexual intercourse with his 12-year-old sister-in-law on multiple occasions. The parties subsequently entered into a plea agreement in which Taylor agreed to plead no contest to one of the rape counts, and in exchange, the State dismissed the remaining counts as well as criminal charges in a separate case.

At a plea hearing held on August 12, 2011, the district court accepted Taylor's no contest plea to one count of rape of a child under the age of 14. At a sentencing hearing held on November 3, 2011, the district court granted Taylor's motion for a downward durational departure and ordered him to serve 180 months' imprisonment. In addition, the district court imposed lifetime postrelease supervision.

In a direct appeal, Taylor appealed the lifetime postrelease supervision portion of his sentence. Specifically, he claimed that imposing lifetime postrelease supervision violated the prohibition against cruel or unusual punishment in § 9 of the Kansas Constitution Bill of Rights. A panel of this court rejected Taylor's argument, finding that the imposition of lifetime postrelease supervision was not unconstitutionally disproportionate to the crime of rape of a child under the age of 14. *State v. Taylor*, No. 107,610, 2013 WL 4046401, at *2-6 (Kan. App. 2013) (unpublished opinion). Subsequently, the Kansas Supreme Court denied Taylor's petition for review and a mandate was issued.

On August 1, 2014, Taylor filed a pro se K.S.A. 60-1507 motion, claiming that his trial counsel was ineffective because he neglected to tell him that aggravated indecent solicitation of a child under the age of 14 is a lesser included offense of rape of a child

under the age of 14. Following a response from the State, the district court summarily dismissed Taylor's motion, finding as a matter of law that aggravated indecent solicitation of a child under the age of 14 is not a lesser included offense of rape of a child under 14. Two days after the district court entered its order, Taylor filed a notice of appeal.

ANALYSIS

On appeal, although Taylor continues to contend that he received ineffective assistance of counsel in his underlying criminal case because his attorney did not advise him that aggravated indecent solicitation of a child under the age of 14 is a lesser included offense to rape of a child under the age of 14, he recognizes that "Trial Counsel cannot be ineffective for failing to advise [him] of an incorrect interpretation of law." Moreover, he concedes "for the purposes of this appeal . . . that his arguments as set out in his [K.S.A. 60-1507] motion must fail."

When, as in this case, a district court summarily denies a K.S.A. 60-1507 motion, we exercise unlimited review. *Wahl v. State*, 301 Kan. 610, 614, 344 P.3d 385 (2015); see *Robertson v. State*, 288 Kan. 217, 227, 201 P.3d 691 (2009). Moreover, we also exercise unlimited review over Taylor's lesser included offense argument because it involves a question of law. See *State v. Charles*, 304 Kan. 158, 165, 372 P.3d 1109 (2016).

To be entitled to an evidentiary hearing on his K.S.A. 60-1507 motion, Taylor's contentions had to be more than conclusory. Instead, he must either assert an evidentiary basis in support of his claim, or the basis must be evident from the record. See *Grossman v. State*, 300 Kan. 1058, 1062, 337 P.3d 687 (2014). A district court is not required to hold an evidentiary hearing on a motion filed pursuant to K.S.A. 60-1507 if the motion—together with the files and record—conclusively show that the movant is not entitled to relief. See *Moncla v. State*, 285 Kan. 826, 830, 176 P.3d 954 (2008). Only if a movant

3

can satisfy this burden must a district court grant a hearing. *Grossman*, 300 Kan. at 1062 (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]).

Both our federal and state constitutions guarantee the right of a criminal defendant to the effective assistance of counsel. *State v. Brown*, 300 Kan. 565, 574-75, 331 P.3d 797 (2014). To establish ineffective assistance of counsel, a defendant must establish (1) that counsel's performance was constitutionally deficient, which requires a showing that counsel made errors so serious that counsel's performance was less than that guaranteed by the Sixth Amendment to the United States Constitution; and (2) that counsel's deficient performance prejudiced the defense, which requires a showing that counsel's errors were so severe as to deprive the defendant of a fair trial. *State v. Coones*, 301 Kan. 64, 70, 339 P.3d 375 (2014).

A lesser included offense is an offense in which all the elements of one offense are identical to some of the elements of a higher offense. K.S.A. 2015 Supp. 21-5109(b)(2); *State v. Bernhardt*, 304 Kan. 460, 473, 372 P.3d 1161 (2016). In the underlying criminal case, Taylor was convicted of having "sexual intercourse with a child who is under 14 years of age" in violation of K.S.A. 2010 Supp. 21-3502(a)(2). As Taylor's appellate counsel candidly admits, aggravated indecent solicitation of a child in violation of K.S.A. 21-3511 does not have identical elements to rape of a child under the age of 14.

As noted above, Taylor candidly admits that aggravated indecent solicitation of a child under the age of 14 is not a lesser included offense of rape of a child under 14 years of age. This can be gleaned by reviewing the plain language of the statutes in question. Under K.S.A. 21-3511(a), the defendant must *entice or solicit* a child under the age of 14 to commit or to submit to an unlawful sexual act, while no such requirement exists to convict a defendant of rape of a child under the age of 14. See K.S.A. 2010 Supp. 21-3502(a)(2). Moreover, K.S.A. 21-3511(b) requires the State to prove a defendant *invited, persuaded, or attempted to persuade* a child to enter any vehicle, building, room or

4

secluded place with intent to commit an unlawful sexual act upon or with the child, which is also not an element of rape of a child who is under 14 years of age. See *State v. Belcher*, 269 Kan. 2, 8, 4 P.3d 1137 (2000).

We, therefore, conclude that because aggravated indecent solicitation of a child under the age of 14 is not a lesser included offense of rape of a child under the age of 14, the district court did not err in summarily dismissing Taylor's K.S.A. 60-1507 motion as a matter of law.

Affirmed.